UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GATEWAY CITY CHURCH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 5:20-cv-08241-EJD<br><br>**ORDER GRANTING IN PART PLAINTIFFS' EMERGENCY MOTION TO ENJOIN STATE AND COUNTY COVID-19 RESTRICTIONS PENDING INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 47 |

Plaintiffs Gateway City Church, The Home Church, The Spectrum Church, Orchard Community Church, Trinity Bible Church (collectively "Plaintiffs") move to enjoin the State and County's enforcement of restrictions on indoor worship services or, alternatively, for immediate relief in the form of a temporary injunction of seven days to enable Plaintiffs to file a motion with the Ninth Circuit. Dkt. No. 67 ("Emergency Motion"). The State and the County filed separate responses opposing the Emergency Motion. Dkt. Nos. 71, 72.

On January 29, 2021, this Court issued an Order granting in part and denying in part Plaintiffs' Motion for a Preliminary Injunction seeking relief from the same restrictions. Dkt. No. 64 ("Order"). Specifically, this Court enjoined the 100-person capacity limit for places of worship in Tier 2 and the 200-person capacity limit in Tier 3 of the State's Blueprint but not the percentage based capacity limitations of any tier, nor the prohibition on indoor worship under Tier 1. *See* Order at 29. The Court further enjoined the State from enforcing the Blueprint's restrictions on

Case No.: 5:20-cv-08241-EJD
ORDER GRANTING IN PART PLAINTIFFS' EMERGENCY MOTION TO ENJOIN STATE AND COUNTY COVID-19 RESTRICTIONS PENDING INTERLOCUTORY APPEAL

1

activities at places of worship other than worship services, except to the extent that it enforces such restrictions against secular businesses or activities. Relying in part on the decision of the Court of Appeals for the Ninth Circuit in *South Bay United Pentecostal Church v. Newsom*, No. 20- 56358, 2021 WL 222814 (9th Cir. Jan. 22, 2021) (*South Bay*), the Court denied the preliminary injunction in all other respects, finding that Plaintiffs were unlikely to succeed on the merits of their Free Exercise claim because the State and County restrictions were likely to survive strict scrutiny.

On February 5, 2021, the United States Supreme Court granted an application for injunctive relief pending disposition of the petition for a writ of certiorari in *South Bay United Pentecostal Church, et al. v. Newsom*, 592 U.S. ___ (Feb. 5, 2021) No. 20A136 (20-746) (*South Bay II*). The decision reverses in part the decision of the Ninth Circuit in *South Bay*. Specifically, the Supreme Court enjoined the State from enforcing the Blueprint's Tier 1 prohibition on indoor worship services against the applicants in that case, but left in place the State's percentage capacity limitations and the prohibition on singing and chanting indoor. The statement of Justice Gorsuch, with whom a majority of the justices join or concur, found that the State restrictions failed strict scrutiny because "the State fails to explain why narrower options it finds sufficient in secular contexts do not satisfy its legitimate interests" in religious contexts. *See, e.g.*, *id.* at 4 ("The State does not force [hairstylists or manicurists] or retailers to do all their business in parking lots and parks. And California allows people to sit in relatively close proximity inside buses too.").

Justice Gorsuch went on to find that the State's ban on indoor singing and chanting similarly failed to survive strict scrutiny, in part because the ban did not appear to apply to the entertainment industry. *Id.* at 5 ("once more, we appear to have a State playing favorites during a pandemic, expending considerable effort to protect lucrative industries (casinos in Nevada; movie studios in California) while denying similar largesse to its faithful."). Justices Barrett and

Case No.: 5:20-cv-08241-EJD
ORDER GRANTING IN PART PLAINTIFFS' EMERGENCY MOTION TO ENJOIN STATE AND COUNTY COVID-19 RESTRICTIONS PENDING INTERLOCUTORY APPEAL

1   Kavanaugh diverged from Justice Gorsuch on this point, finding that there was not enough

2   evidence in the record to support the claim that the entertainment industry was exempt from the

3   singing ban.

4   In light of the Supreme Court's decision, this Court GRANTS Plaintiffs' Emergency

5   Motion in part.  As the Supreme Court set forth, the State shall be enjoined from enforcing against

6   Plaintiffs the prohibition of indoor worship, currently applicable under Tier 1 of the Blueprint.

7   This Court's previously issued injunction against the numerical capacity limitations remains in

8   effect, however, nothing in this order nor in *South Bay II* prevents the State from imposing a 25%

9   capacity limitation on indoor worship services in any Tier.

10  *South Bay II* did not consider the County restrictions that are also at issue in this case.  This

11  Court previously held that the County restrictions were subject to a rational basis review because

12  the County's ban on indoor gatherings is facially neutral towards religion and is generally

13  applicable to secular and religious gatherings alike.  The Court relied in part on the Ninth Circuit's

14  application of rational basis review to the State's ban on indoor singing.  Order at 27-28 (citing

15  *South Bay*, 2021 WL 222814, at *18 (holding that California's ban on indoor singing and chanting

16  was subject to deferential rational basis review because it "applies to all indoor activities, sectors,

17  and private gatherings" and there was no evidence that "this ban results in disparate treatment of

18  religious gatherings")).  In *South Bay II*, however, a plurality of justices joined or concurred in

19  Justice Gorsuch's application of strict scrutiny to the singing ban.  Thus, this Court finds that

20  under *South Bay II*, the County's restrictions on gatherings will likely be subject to strict scrutiny

21  and, under that standard, are likely to fail for the same reasons as the State restrictions.  The Court,

22  therefore, GRANTS in part Plaintiffs' Emergency Motion to enjoin enforcement of the County

23  restrictions to the same extent as the State restrictions.

24  Plaintiffs Emergency Motion is GRANTED in part and DENIED in part.  The State and

25  County are hereby enjoined from enforcing a prohibition on indoor worship services pending

Case No.: 5:20-cv-08241-EJD
ORDER GRANTING IN PART PLAINTIFFS' EMERGENCY MOTION TO ENJOIN STATE
AND COUNTY COVID-19 RESTRICTIONS PENDING INTERLOCUTORY APPEAL

United States District Court
Northern District of California

Plaintiffs' interlocutory appeal to the Ninth Circuit. Neither the State nor the County are enjoined from enforcing percentage-based capacity limitations on indoor worship services to the same extent that such limitations are enforced against secular business and activities.

**IT IS SO ORDERED.**

Dated:  February 8, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-08241-EJD
ORDER GRANTING IN PART PLAINTIFFS' EMERGENCY MOTION TO ENJOIN STATE AND COUNTY COVID-19 RESTRICTIONS PENDING INTERLOCUTORY APPEAL

4