UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GATEWAY CITY CHURCH; et al., | No. 21-15189 |
| Plaintiffs-Appellants, | D.C. No. 5:20-cv-08241-EJD |
| v. | Northern District of California, San Jose |
| GAVIN NEWSOM; et al., | ORDER |
| Defendants-Appellees. | |

Before:  CANBY, GRABER, and FRIEDLAND, Circuit Judges.

This appeal challenges the district court's January 29, 2021 order denying in part appellants' motion for a preliminary injunction.  Appellants move for an injunction pending appeal, seeking to prohibit the enforcement of Santa Clara County, California's restrictions on indoor gatherings as applied to their places of worship.

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (stating standard).  We review the district court's denial of a preliminary injunction for abuse of discretion, although we review de novo the district court's interpretation

LCC/MOATT

of the underlying legal principles.  *See Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003).

On the basis of the record before us, we conclude that appellants have not demonstrated a sufficient likelihood of success on the merits to warrant injunctive relief pending appeal.  *See Winter*, 555 U.S. at 20.

The challenged ban on indoor "gatherings" currently in effect for Santa Clara County applies equally to all indoor gatherings of any kind or type, whether public or private, religious or secular.  The Directive, which appears to affect far more activities than most other jurisdictions' health measures, does not "single out houses of worship" for worse treatment than secular activities.  *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 66 (2020).  Nor does the Directive affect whether appellants may continue to remain open for purposes that do not involve "gatherings."

Accordingly, appellants have not demonstrated that the district court likely erred in determining that the County's prohibition on indoor gatherings is a neutral law of general applicability and therefore properly subject to rational basis review.  *See S. Bay United Pentecostal Church v. Newsom*, No. 20A136, 2021 WL 406258, at *1 (U.S. Feb. 5, 2021) (Barrett, J., concurring) (observing that where a ban on prohibited conduct "applies across the board," it "thus constitutes a neutral and generally applicable law").

Appellants' emergency motion for injunctive relief pending this appeal (Docket Entry No. 6) is therefore denied.